Filed 5/28/26  P. v. Elam CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085733 |
| Plaintiff and Respondent, | (Super. Ct. No. SCD304081) |
| v. | |
| DESHAWN RAMON ELAM, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Rachel Cano, Judge.  Affirmed in part, reversed in part with directions.

Deanna Lynn Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Vincent LaPietra and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Deshawn Ramon Elam of robbery (Pen. Code,[1] § 211) and petty theft (§ 484) for stealing cosmetics and clothing from a discount retail store and scuffling with a loss prevention officer who tried to stop him as he exited the store.  On appeal, Elam contends his conviction for petty theft should be reversed because theft is a lesser necessarily included offense of robbery and the conviction for both arose from the same course of conduct.  He also asks the court to vacate the portion of the assessments imposed for the petty theft conviction.  The People agree Elam cannot be convicted of both robbery and petty theft based on the same course of conduct.  Accordingly, we reverse the conviction for petty theft and direct the superior court on remand to vacate any portion of the fines and fees imposed for petty theft and to amend the abstract of judgment accordingly.

## BACKGROUND

In June 2024, a loss prevention officer at a discount retail store observed Elam and a woman enter the store together.  Each carried a small bag which they placed in a shopping cart.  He saw the woman place about 10 cosmetic items in the cart.

After the woman and Elam parted ways, the officer followed Elam through the store.  He saw Elam quickly select four dress shirts and place them in the cart.  In the luggage department, Elam grabbed a black bag.  The officer saw him place the cosmetics and dress shirts in the bag.

After seeing Elam conceal the items in the bag, the officer went to the front of the store where he watched Elam and the woman walk past the registers without paying.  The officer confronted Elam as Elam stepped

_____

[1]    Undesignated statutory references are to the Penal Code.

2

outside the doors.  The officer showed Elam his store badge and asked Elam to return to the store to discuss the merchandise.  Elam tried to walk away, but the officer grabbed Elam's arm and pushed him against a pillar to try to handcuff him.  Elam struggled with the officer and scratched the officer's neck.  When Elam dropped the bag, the officer released Elam because the officer was concerned about his safety.  Elam swung at the officer, grabbed the bag, and walked away yelling threats.  The officer called 911.

The People charged Elam with grand theft (§ 487, subd. (a); count 1) and robbery (§ 211; count 2).  A jury found Elam not guilty of grand theft, but convicted him of petty theft (§ 484), a lesser included offense of grand theft.  The jury also convicted him of robbery.  In a bifurcated proceeding, Elam admitted a prior strike (§§ 667, subds. (b)–(*i*), 1170.12) and a serious felony prior (§ 667, subd. (a)(1)).

The court sentenced him to 11 years in state prison for robbery based on the middle term of three years, doubled for the strike, plus five years for the serious felony prior.  The court stayed the punishment for petty theft under section 654, which prohibits punishment for multiple charges arising from a single act or course of conduct.  The court ordered Elam to pay restitution of $600 (§ 1202.4, subd. (b)) and imposed a $600 parole revocation restitution fine, which was suspended unless parole is revoked.  The court also imposed a fine of $41 under section 1202.5 along with assessments of $80 under section 1465.8 and $60 under Government Code section 70373.

DISCUSSION

I.    *The Petty Theft Conviction Must Be Reversed*

Elam contends, the People concede, and we agree Elam cannot be convicted of both robbery and petty theft based on the same conduct because

3

theft is a lesser necessarily included offense of robbery. (*People v. Ortega* (1998) 19 Cal.4th 686, 699.)[2]

"While section 654 prohibits multiple *punishment*, it is generally permissible to *convict* a defendant of multiple charges arising from a single act or course of conduct. (§ 954; *People v. Ortega*[, *supra*, 19 Cal.4th at p.] 692.) However, a 'judicially created exception to this rule prohibits multiple convictions based on necessarily included offenses. [Citations.]' (*People v. Montoya* (2004) 33 Cal.4th 1031, 1034.) [¶] When a defendant is found guilty of both a greater and a necessarily lesser included offense arising out of the same act or course of conduct, and the evidence supports the verdict on the greater offense, that conviction is controlling, and the conviction of the lesser offense must be reversed." (*People v. Sanders* (2012) 55 Cal.4th 731, 736.)

This is true even though Elam first took items from the store and then took the same items from the loss prevention officer by force. (*People v. Villa* (2007) 157 Cal.App.4th 1429, 1434–1435.) The taking of the items from the loss prevention officer was the same as taking items from the store since the loss prevention officer was acting as an agent of the store. (*Id.* at p. 1435, citing *People v. Estes* (1983) 147 Cal.App.3d 23, 29.) We, therefore, reverse the conviction for petty theft (count 1).

---

[2]  The People contend Elam forfeited his right to raise this issue on appeal because he did not object to his separate convictions before the trial court. We consider the merits of the argument because a defendant may challenge an unauthorized sentence even if he or she failed to object below. (*People v. Hester* (2000) 22 Cal.4th 290, 295.)

II.    *The Court Shall Vacate Any Assessments Imposed for Petty Theft*

Section 1465.8, subdivision (a)(1), requires a court to impose a $40 court operations assessment for every conviction of a criminal offense. Similarly, Government Code section 70373, subdivision (a)(1), requires a $30 conviction assessment for each misdemeanor or felony conviction.

Here, the trial court imposed a court operations assessment of $80 under section 1465.8, subdivision (a)(1), and a conviction assessment of $60 under Government Code section 70373, apparently for his two convictions. The court also imposed a fine of $41 under section 1202.5 along with a restitution fine of $600 (§ 1202.4, subd. (b)) and a $600 parole revocation restitution fine, which was suspended unless parole is revoked.

Because we reverse the conviction for petty theft, we remand the matter for the superior court to vacate any portion of the fines and fees imposed for petty theft.

DISPOSITION

Elam's conviction for petty theft (count 1) is reversed. The matter is remanded with directions for the superior court to vacate any portion of the fines and fees imposed for petty theft and to amend the abstract of judgment consistent with this opinion. The clerk of the superior court shall serve the

California Department of Corrections and Rehabilitation with the amended abstract of judgment.  In all other respects, the judgment is affirmed.


                                                    IRION, Acting P. J.

WE CONCUR:


KELETY, J.


CASTILLO, J.


6